Sheriff Larry Emison, Chairman Arkansas Professional Bail Bondsman Licensing Board 101 East Capitol, Suite 117 Little Rock, Arkansas 72201
Dear Sheriff Emison:
This is in response to your request for an opinion regarding Act 500 of 1993, which is codified at A.C.A. § 17-17-106 (Supp. 1993), and which created the Arkansas Professional Bail Bond Company and Professional Bail Bondsman Licensing Board. Pursuant to Act 500, this board is charged with the responsibility of administering and enforcing the laws relating to the licensing and regulation of professional bail bond companies and professional bail bondsmen. Prior to the enactment of Act 500, the Arkansas Commissioner of Insurance and the Insurance Department had the responsibility of administering and enforcing the laws relating to bail bond companies and bail bondsmen. In this regard, Section 4(1) of Act 500 of 1993 provides the following:
 The board shall have the authority and responsibility to administer and enforce the provisions of Arkansas Code Title 17, Chapter 17, heretofore administered and enforced by the Commissioner of Insurance and the Insurance Department, relating to licensing and regulation of professional bail bond companies and professional bail bondsmen, and all such authority and responsibility with respect to licensing and regulation of professional bail bond companies and professional bail bondsmen heretofore vested in and exercised by the Commissioner of Insurance and the Department of Insurance are hereby transferred to and vested in the Professional Bail Bond Company and Professional Bondsman Licensing Board. [Emphasis added.]
In your correspondence, you note that the Arkansas Insurance
Department, the entity charged with the responsibility of regulating bail bond companies and bail bondsmen prior to the enactment of Act 500, currently has custody of the files relating to bail bondsmen and bail bond companies. You also indicate that these files contain pertinent information on each bail bond company and bail bondsman, such as filings with the Secretary of State's Office, financial records, licensing information, and any complaints which have previously been filed. With regard to these files, you indicate in your correspondence that the Arkansas Insurance Commissioner has advised the Arkansas Professional Bail Bond Company and Professional Bail Bondsman Licensing Board that the board may not have the original files relating to bail bondsmen and bail bond companies, but that the board may obtain copies of any file or any part of any file from the Insurance Department. You note that the commissioner feels that if the original copies of these files are removed from the custody of the Insurance Department, the files will not be "certifiable" by either the Insurance Department or the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board. With regard to these matters, you pose the following question:
 In light of Act 500 of 1993, who should have custody of the original files on bail bond companies and bail bondsmen?
In response to your question, it is my opinion that the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board should have custody of the original files on all bail bond companies and bail bondsmen.
The foregoing determination is based on what implicitly appears to be the intent of the legislature in enacting Act 500 of 1993. While the act does not specifically address the issue of custody of the original records relating to bail bondsmen and bail bond companies, section 4(1) of the act, as set forth above, does specifically provide that all authority and responsibility with respect to licensing and regulation of professional bail bond companies and professional bail bondsmen is to be transferred from the Commissioner of Insurance and the Department of Insurance to the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board. Transfer of the records and files which relate to the licensing and regulation of bail bond companies and bail bondsmen from the Insurance Department to the newly created board would seem to be an implicit requirement in the act, since without these documents the board would not be able to appropriately carry out their duties of licensure and regulation, as prescribed in Act 500 of 1993.
I assume from your correspondence that the rationale of the Insurance Department in retaining custody of the files and records relating to bail bond companies and bail bondsmen is based on A.C.A. §§ 23-61-107(c)(1) (2) (Cum. Supp. 1993) and25-18-101(b)(1) (c)(1) (Repl. 1992). Pursuant to A.C.A. §25-18-101(b)(1), the head of any state department, commission, bureau, or board may cause any records kept by the official department, commission, bureau, or board to be copied or reproduced. At the time of such reproduction, the heads of these entities are required to attach their certificate to the record certifying that it is the original record, and this certificate is required to be reproduced with the original. See A.C.A. §25-18-101(b)(1). If this procedure has been followed, the reproduction of the record shall be deemed to be an original record for all purposes and shall be admissible in evidence in all courts or administrative agencies. See A.C.A. §25-18-101(c)(1). The provision codified at A.C.A. § 23-61-107(c) provides substantially the same certification procedures with respect to records kept by the Arkansas Insurance Commission.
With respect to these statutes, it is my opinion that they do not require the files and records pertaining to bail bond companies and bail bondsmen to remain in the custody of the Insurance Department. Presumably, once the original files are transferred to the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board, this board could produce the certification referred to in the statutes discussed above. In fact, Rule 902 of the Arkansas Rules of Evidence and Rule 44 of the Arkansas Rules of Civil Procedure refer to certification of copies of public records by the custodian of the records. Accordingly, once the Arkansas Professional Bail Bond Company and Professional Bail Bondsman Licensing Board receives custody of the records and files pertaining to bail bondsmen and bail bond companies, the board will be considered the "custodian" of the records, and thus, it will be able to certify copies of these records. It should be noted, however, that as an alternative, the Insurance Commissioner could, if he so desired, certify all of the records pertaining to bail bondsmen and bail bond companies prior to the transfer of such records to the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board.
In sum, it is my opinion that, in order for the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board to appropriately perform their duties pursuant to Act 500 of 1993, they should have custody of the original files relating to bail bond companies and bail bondsmen.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh